CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

FEB 12 2009

JOHN H. CORCORAN, CLERK
BY
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

ROGER WALKER,

*Plaintiff,*

v.

ROBERT P. DWOSKIN,

*Defendant.*

CIVIL NO. 3:09cv00004

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on Defendant's Notice of Removal of this action from the Circuit Court of Albemarle County [docket no. 1]. For the following reasons, I conclude that this Court lacks subject matter jurisdiction over the instant action, and therefore, the case shall be remanded to state court.

## I. BACKGROUND

The Defendant in this case is Plaintiff's former attorney. The Defendant represented the Plaintiff in an employment discrimination matter. The Defendant filed three cases in Federal Court on Plaintiff's behalf, alleging violations of Title VII of the Civil Rights Act of 1964. Each of the three cases was eventually dismissed for Plaintiff's failure to properly serve the defendant.

Plaintiff filed a complaint against the Defendant on January 5, 2009 in the Circuit Court for Albemarle County, alleging that the Defendant breached his contract with the Plaintiff by failing to serve the defendant in the Title VII suits in a timely manner, and by failing to "represent the plaintiff with zeal and professionalism."

The Defendant then timely filed the notice of removal to this Court, alleging federal

question jurisdiction. The Defendant construed Plaintiff's claim as one for attorney malpractice, and argued that because the resolution of a malpractice claim would involve adjudication of Plaintiff's underlying Title VII claim, the case involves such substantial federal questions as to give rise to subject matter jurisdiction in this Court. The Defendant does not allege diversity jurisdiction.

## II. APPLICABLE LAW

The federal removal statute allows a defendant to remove a case to federal court if the action is one over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The basis for such jurisdiction must be present in the complaint, rather than in any affirmative defenses raised by the defendant. *See King v. Marriott Int'l, Inc.*, 337 F.3d 421, 424 (4th Cir. 2003). Even where a cause of action is not directly created by federal law, subject matter jurisdiction may still exist where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005). However, removal jurisdiction is not favored, and a court must "construe it strictly in light of the federalism concerns inherent in that form of federal jurisdiction." *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). The party seeking removal bears the burden of showing that removal is proper. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

## III. DISCUSSION

Defendant's arguments for subject matter jurisdiction fail for two reasons. First, Plaintiff's one and only claim for relief is clearly styled in the complaint as one for breach of contract. In Virginia, the elements of a claim for breach of contract are "(1) a legal obligation of a defendant to a plaintiff, (2) a violation or breach of that obligation, and (3) a consequential injury or damage to the plaintiff." *Hamlet v. Hayes*, 641 S.E.2d 115, 117 (Va. 2007). Adjudication of Plaintiff's claim does not necessarily require adjudication of the underlying Title VII claim. Therefore, there is no federal question involved at all on which the Court might base jurisdiction.

Second, even if Plaintiff's claim does require adjudication of the merits of Plaintiff's Title VII claim, this is not sufficient to give rise to subject matter jurisdiction. Many federal courts have held that similar breach of contract or attorney malpractice claims properly belong in state court, even where the underlying case involved claims arising under federal law. *See, e.g.*, *Custer v. Sweeney*, 89 F.3d 1156, 1168-169 (4th Cir. 1996)(holding that there was no subject matter jurisdiction over legal malpractice claim involving an underlying suit pursuant to ERISA); *Higbee v. Malleris*, 470 F.Supp.2d 845, 851 (N.D.Ill. 2007) ("There is, simply put, a plethora of putative attorney and/or professional malpractice cases concerning underlying federal litigation, in which the cases have been remanded to state court for adjudication or dismissed for lack of federal subject matter jurisdiction.") (collecting cases).

The Defendant points to two cases in support of removal: *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281 (Fed. Cir. 2007) and *LaBelle v. McGonagle*, 2008 WL 3842998 (D.Mass. 2008). Both of those cases involved legal malpractice claims in which the underlying litigation involved federal patent law claims. Federal district courts have exclusive jurisdiction

over federal patent cases. 28 U.S.C. § 1338(a). Because of the strong policy considerations weighing in favor of uniform interpretation of the federal patent laws, courts are more willing to hold that state law claims necessarily involving the resolution of federal patent law issues give rise to federal question jurisdiction. *See Immunocept*, 504 F.3d at 1285-286 ("…Congress' intent to remove non-uniformity in the patent law . . . is further indicium that § 1338 jurisdiction is proper here."). Conversely, federal district courts have concurrent jurisdiction with state courts over Title VII claims. *Yellow Freight Sys. Inc. v. Donnelly,* 494 U.S. 820, 821 (1990). There is no reason to believe that state courts are not equally as competent to decide questions of Title VII law as federal courts, and the United States Supreme Court may reconcile any certiorari-worthy federal questions that might arise. *See Higbee*, 470 F.Supp.2d at 853 n.2. The policy considerations involved in this case weigh against finding subject matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, I find that this Court lacks subject matter jurisdiction over this case, that it was improperly removed from state court, and that it shall be remanded to the Circuit Court for Albemarle County. An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTERED:   This ___ Day of February, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

-4-